# METZGER v. MILLEGAN.

LACHES; FRAUDULENT DISMISSAL OF ACTION; RELIEF IN EQUITY.

1. Action to set aside a settlement agreement and a release of a deed of trust on the ground of fraud is not barred by laches, where it was brought within three years from the discovery, by the plaintiff, of the nature of the instruments executed by her.

2. In a suit to set aside the fraudulently procured dismissal of an action at law upon promissory notes, the court may retain jurisdiction and do complete justice between the parties by awarding judgment upon the notes, although an action at law thereupon would be barred, where the dismissed action was brought within the statutory period.

No. 3090.    Submitted March 6, 1918.    Decided November 4, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, setting aside a settlement agreement and a release of a deed of trust on the ground of fraud, and giving judgment to plaintiff for balance due on certain promissory notes.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Helen M. Millegan, plaintiff below, filed a bill in equity in the supreme court of the District of Columbia praying that a certain settlement agreement between her and defendant, Percy Metzger, and a release of a deed of trust from defendant to trustees named therein, be set aside because of the fraud of defendant, and for judgment for a balance alleged to be due plaintiff.

It appears that defendant borrowed from plaintiff $2,950, which is evidenced by four promissory notes, two of which were secured by deeds of trust and two were unsecured. These loans were made between the years 1900 and 1905. Interest was

paid on three of the notes to 1907 and 1908, but no interest was paid on the last note for $200, dated October 30, 1905. Plaintiff employed defendant as her attorney to attend to some matters for her in Chicago, Illinois. Defendant made a trip to Chicago in January, 1906, remaining about ten days; but his efforts in behalf of plaintiff were fruitless, and his services were discontinued in July, 1906.

Defendant being in default in interest and principal on all of the notes, plaintiff, on January 29, 1908, brought suit in the supreme court of the District of Columbia, to which defendant filed a plea of set-off for $3,500, claimed to be due for attorney's fees and expenses. In January, 1909, while the suit was still pending, defendant went to the home of plaintiff, in Baltimore, Maryland, and procured from her an agreement for the dismissal of the suit, together with a release of all demands against him on account of said notes and trusts, the only consideration stated therein being defendant's promise to release plaintiff from said claim for fees. He also procured an order directing the trustees in one of the trusts to release it, which was done.

From a decree canceling the releases and awarding judgment for $4,749.87, with execution therefor, and appointing a receiver to sell the real property described in the decree, defendant has appealed.

*Mr. Tracy L. Jeffords* and *Mr. Percy Metzger,* for appellant, in their brief cited:

*Adams* v. *Schiffer,* 11 Colo. 15, 29; *Andrews* v. *St. Louis Smelting Co.* 130 U. S. 643; *Anderson* v. *State,* 104 Ind. 467, 492; *Badger* v. *Badger,* 2 Wall. 87; *Baker* v. *Cummings,* 169 U. S. 189, 206; *Biays* v. *Roberts,* 68 Md. 511; *Brown* v. *Brown,* 44 Iowa, 352; *Barnes* v. *McMurty,* 29 Neb. 178; *Calif. Sav. & Loan Society* v. *Harris,* 111 Cal. 138; *Campbell* v. *Campbell.* 133 Cal. 37; *Carson-Rand Co.* v. *Stern,* 129 Mo. 381; *Cobb* v. *Duke,* 36 Miss. 60; *Cook* v. *Moulton,* 64 Ill. App. 430; *Crutchfield* v. *Hewett,* 2 App. D. C. 384; *Dodge* v. *Freedmans*

*Sav. & Trust Co.* 106 U. S. 445, 446; *Ditt* v. *Young,* 3 J. J. Marsh. 190; *Ford* v. *Ford,* 27 App. D. C. 401; *Freedmans Sav. & Trust Co.* v. *Earl,* 110 U. S. 710; *Cresham* v. *Harcourt,* 93 Tex. 159; *Greentree* v. *Harcourt,* 77 Kan. 154; *Gray* v. *Suspension C. T. M. Co.* 127 Ill. 199; *Hancock* v. *Franklin Ins. Co.* 114 Mass. 6; *Hartranft Estate,* 153 Pa. 533; *Higgins* v. *Crouse,* 147 N. Y. 411; *Hitz* v. *Jenks,* 123 U. S. 297; *Howland* v. *Blake,* 97 U. S. 624; *Humphrey* v. *Spencer,* 36 W. Va. 16; *Hulbert* v. *Clark,* 67 Hun, 560; *Jackson* v. *Clifford,* 5 App. D. C. 312; *Jackson* v. *Sockett,* 7 Wend. 102; *Johnson* v. *Shebard,* 35 Mich. 122; *Levis* v. *Kengla,* 8 App. D. C. 239; *Love* v. *Love,* 65 Ala. 547; *Lyon* v. *Bank,* 12 Ala. 510; *Market* v. *Plant,* 1 So. 250; *Marseilles* v. *Kenton,* 17 Pa. 247; *Mayse* v. *Gaddis,* 2 App. D. C. 20; *McDaniel* v. *Parish,* 4 App. D. C. 216; *Myer* v. *Saul,* 82 Md. 459; *Mitchell* v. *Woodson,* 37 Miss. 576; *Met. Bank* v. *St. Louis Co.* 149 U. S. 436, 448; *Nat. Fertilizer Co.* v. *Bank,* 196 Mass. 458; *Omaha Bank* v. *Simeral,* 61 Neb. 741; *Patten* v. *Warner,* 11 App. D. C. 162; *Patrick* v. *Bank,* 63 Neb. 202; *Penobscot R. R.* v. *Mayo,* 65 Me. 568; *Piper* v. *Hoard,* 107 N. Y. 71; *Richards* v. *Mackall,* 124 U. S. 183, 188; *Rouse* v. *Southard,* 39 Me. 404; *Security Inv. Co.* v. *Garrett,* 3 App. D. C. 76; *Shickler* v. *Wash. Brew. Co.* 33 App. D. C. 45; *Simpson* v. *Dalziel,* 135 Cal. 499, 603; *Slingerland* v. *Sherer,* 46 Minn. 422; *Sullivan* v. *R. R.* 94 U. S. 806; *Shurtleff* v. *Redlon,* 109 Me. 68; *The Mich. Ins. Co.* v. *Brown,* 11 Mich. 272; *Tazwell's Exr.* v. *Whittle's Admr.* 13 Gratt. 344; *Thompson* v. *Cheesman,* 25 Utah, 43, 52; *Townsend* v. *Vanderwerker,* 20 App. D. C. 209; *Van Hook* v. *Whitlock,* 7 Paige, 381; *Van Ness* v. *Huyatt,* 13 Pet. 294; *Wash. L. & T. Co.* v. *Darling,* 21 App. D. C. 140; *Warner* v. *Jackson,* 7 App. D. C. 216; *Willard* v. *Wood,* 1 App. D. C. 59; *Worthington* v. *Lee,* 2 Bland, Ch. 673; *Wood* v. *Carpenter,* 101 U. S. 135, 143; *Young* v. *Duvall,* 109 U. S. 573, 577.

*Mr. Howard Boyd,* for appellee, in his brief cited:

*Brown* v. *Buckley,* 14 N. J. Eq. 458; *Condit* v. *Blackwell,*

22 N. J. Eq. 485; *Felton* v. *Le Breton,* 92 Cal. 469; *Harris* v. *Tremenheere,* 15 Ves. Jr. 34; *Mason* v. *Ring,* 2 Abb. Pr. N. S. 322; *Merryman* v. *Enlen,* 59 Md. 588; *Michoud* v. *Girod,* 4 How. 504; *Morgan* v. *Minett,* 6 Ch. Div. 638; *Palson* v. *Young,* 37 Iowa, 196; *Prevost* v. *Gratz,* 16 Wheat. 482; *Rogers* v. *Lee Mining Co.* 9 Fed. 721; *Rogers* v. *Marshall,* 3 McCrary, 76; *Whipler* v. *Barton,* 63 N. H. 613; District of Columbia Code, Sec. 522; District of Columbia Code, Sec. 1617.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is unnecessary to consider at length the evidence, since the charges of fraud against defendant are conclusively established. Indeed, it will inure greatly to his credit not to review the evidence as disclosed in the record. It is claimed that this action is barred by the laches of plaintiff in not bringing this suit for almost six years after the releases in question were executed and the suit at law was dismissed. Plaintiff established by evidence to the satisfaction of the trial justice and to our satisfaction that she was misled into signing the papers by the false statements of plaintiff, and that she did not discover the nature of the instruments she had executed until shortly prior to the bringing of the present suit. It is unnecessary to consider the effect of the Statute of Limitations upon a suit in equity where the action is based wholly upon fraud, since the fraud was not here discovered until less than three years prior to the bringing of this action, so that, in any event, it is well within the statutory period.

But it is urged that this decree affords no relief against the bar of the Statute of Limitations, since the notes are still outstanding in the possession of plaintiff, and she is charged with notice of their nonpayment and of the default of defendant for almost seven years on one of the notes, over seven years on two of them, and approximately nine years on the other note. But the suit at law was brought well within the statutory period, and was not barred by the Statute of Limitations. A part of the fraud charged and proved consisted in procuring the dis-

missal of that suit.   Hence, the restoration of the parties to
the status existing at the time of the perpetration of the fraud
necessarily involves the right of plaintiff to maintain her action
on the notes.   It is unnecessary to decree a reinstatement of
the suit at law and to relegate plaintiff to the enforcement of
her rights in that proceeding, since the equity court, having
once acquired jurisdiction of the case because of the fraud
committed, will retain jurisdiction to do complete justice be-
tween the parties.

We have also considered the other questions presented by
counsel for appellant, but find no error in the decree of the
court below.   The decree is affirmed, with costs.   *Affirmed.*